IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. MANSFIELD, INC., | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UDREN LAW OFFICES, P.C., | : | No. 18-03569 |
| *Defendants*. | : | |

**MEMORANDUM**

PRATTER, J.                                                                                                 MARCH 5, 2019

Wilentz, Goldman & Spitzer, P.A.'s moves to withdraw as counsel for Defendant Udren Law Offices, P.C. Because organizational defendants—even law firms—generally cannot represent themselves in federal court, and because Wilentz cannot satisfy the extremely narrow exception to this rule, the motion is denied.

The Court appreciates Wilentz's arguments attempting to justify withdrawal and agrees that, in many circumstances, "[f]ailure to make significant payments . . . with no reasonable likelihood of being able to make payments in the near future, constitutes good cause for counsel's motion to withdraw." *Reynolds v. Driscoll Mach., Inc.*, No. 89-3536, 1991 WL 175467, at *1 (E.D. Pa. Sept. 4, 1991); s*ee also* E.D. Pa. Local. R. Civ. P. 5.1(c). Nonetheless, withdrawal is inappropriate in this case at this time. Defendant Udren, though a law firm, is still a corporation. *See* Compl. ¶ 3 ("Udren Law is a New Jersey professional corporation[.]") And corporations, as a general rule, cannot represent themselves in federal court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *MOVE Org.*

*v. U.S. Dep't of Justice*, 555 F. Supp. 684, 693 (E.D. Pa. 1983) ("[T]he courts have repeatedly held that corporations and other organizations must be represented by counsel."). Simply put, corporations cannot be considered "licensed counsel."

The Third Circuit Court of Appeals embraced a limited exception to the rule against corporate counsel's withdrawal in *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290 (3d Cir. 2014). In *Ohntrup*, the Court affirmed a district court's grant of defense counsel's motion to withdraw (even though the defendant was a corporation) because the withdrawing law firm ceased to serve a "meaningful purpose" and was instead "merely a captive, uncompensated process server." *Id.* at 295. In so doing, the court stated that "[r]ules regarding attorney withdrawal are necessarily general because of the context-laden nature of such determinations. The interests to be considered will vary widely from case to case." *Id.* "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way. The point at which the law firm no longer serves a meaningful purpose in the case marks the outer boundary of the District Court's discretion because withdrawal would be required at that point." *Id.* (citation and quotation omitted).

Here, the Court determines that withdrawal by consent is premature. The Court accepts that Udren is "substantially behind" on paying Wilentz, Mot. at ¶ 8, and that Udren "ha[s] no funds available to compensate counsel for past or future work." *Id.* ¶ 9. Nonetheless, the late stage of the proceedings—the parties' discovery deadline was January 18, 2019, the parties have a Final Pre-Trial Conference on March 14, 2019, and the trial date certain is April 1, 2019, less than a month away, *see* Doc. No. 24—means that the potential for prejudice to Plaintiff William J. Mansfield, Inc. and the Court is substantial. *See*, *e.g.*, *In re DVI, Inc. Sec. Litig.*, No. 03-5336, 2014 WL 5430998, at *2 (E.D. Pa. Oct. 24, 2014) (denying withdrawal, even though client was an

individual and owed substantial amounts of legal fees, because filings were still pending and the Court's ability to bring the case to resolution efficiently would be affected).

Further, although Wilentz represents that after counsel's withdrawal, Udren "does not intend to defend the action or prosecute [its] counterclaim," Wilentz has not submitted any affidavit or evidence supporting that assertion and Udren's counterclaim is therefore still outstanding. Moreover, the record establishes that Wilentz continues to serve a meaningful purpose in this lawsuit. Indeed, Udren, through Wilentz, submitted a motion to strike a few days prior to Wilentz's motion to withdraw. *Compare* Doc. Nos. 38, 39 (Motion to Strike, dated 2/28/19, filed 3/4/19) *with* Doc. No. 37 (Motion to Withdraw, dated 3/4/19, filed 3/4/19).

Lastly, at the time Wilentz decided to represent Udren, Wilentz was, or should have been, aware of the risks incumbent in Udren's insolvency. Wilentz did not appear on behalf of Udren until September 12, 2018, *see* Doc. No. 9, at which point Mansfield had already filed its complaint, *see* Doc. No. 1, and an emergency motion to appoint a receiver. *See* Doc. No. 6. In the complaint, Mansfield alleges that (1) Udren did not pay Mansfield for services spanning eight months, Compl. ¶ 10, and (2) Udren was winding down and "thus cannot provide guidance as to when, or if, it will pay the invoices." *Id.* ¶ 9. And in the receiver motion, Mansfield reiterated that Udren (1) was winding down its business, (2) "communicat[ed] uncertainty about when or if it would satisfy" its debts and (3) "indicated that [it] could not provide a timetable for or guaranty of payment" to Mansfield. Doc. No. 6 at p. 8. Wilentz can no more credibly claim to be shocked by Udren's nonpayment than can Captain Renault upon discovering gambling in Rick's Café Américain.[1]

---

[1] *Casablanca* (Warner Bros.1942) ("I am shocked- *shocked*- to find that gambling is going on in here!").

Because of the prejudice that would likely result from Wilentz's withdrawal, because Wilentz appears to still be serving a meaningful purpose in this action, and because Wilentz knew or should have known of the risks presented by taking this case, the Court will deny the motion to withdraw without prejudice. If necessary, the parties may discuss the matter further during the March 14, 2019 conference. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE